# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **JOSE LOPEZ**<br>12540 Edgewater Drive<br>Apartment 1603<br>Lakewood, OH 44107<br><br>      Plaintiff,<br><br>      v.<br><br>**RESURGENT CAPITAL SERVICES L.P.**<br>c/o Corporation Service Company, Registered Agent<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>      Defendant(s) | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff Jose Lopez ("Plaintiff"), through Counsel, and for his Complaint against Defendant Resurgent Capital Services, L.P. ("Defendant"), hereby states the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jose Lopez ("Plaintiff" or "Lopez") is a natural person who resides in Lakewood, Ohio.

2. Defendant Resurgent Capital Services, L.P ("Defendant" or "RCS") is a foreign limited partnership incorporated under the laws of the State of Delaware that maintains its principal place of business in Greenville, South Carolina.

3. Jurisdiction is proper under 28 U.S.C. § 1331 as this action arises out of violations of the Fair Debt Collection Procedures Act ("FDCPA") 15 U.S.C. § 1692k(d).

4. This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as Lopez resides in this District and all of the causes of action described herein occurred in this District.

## INTRODUCTION

6. Lopez is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. § 1692.

7. RCS is a debt collector as that term is defined by 15 U.S.C. 1692a(6) based upon the actions described herein, *supra*, as well as based on the debt collection notice sent to Lopez. *See* Exhibit 1 - Dunning Notice

8. RCS is a company that uses the mail, telephone and/or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. Lopez's transactions with each Defendant are a "debt" as that term is defined by the FDCPA as the underlying debt sought to be collected was a consumer credit card, the primary purpose of which was for personal, family, or household use.

10. The FDCPA seeks to protect consumers through limiting the actions of third-party debt collectors who attempt to collect a debt on behalf of another person or entity. The FDCPA accomplishes this in various ways including by preventing third party debt collectors from harassing consumers with deceptive, false, and unconscionable debt collection notices.

11. Lopez brings this action against Defendant RCS for sending deceptive debt collection notices in violation of the FDCPA.

12. Lopez has a private right of action under the FDCPA pursuant to 15 U.S.C. § 1692k(d) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## BACKGROUND FACTS

13. Sometime prior to 2008 Lopez incurred a debt with the HSBC Bank USA, N.A ("HSBC").

14. On September 5, 2008 HSBC initiated a Complaint for Money against Lopez captioned *Sherman Originator III LLC v. Jose Lopez*, Lakewood Municipal Court Case No. 2008CVF02545 asserting that Lopez owed HSBC $7,614.63 at 5% interest per annum. (the "State Court Litigation")

15. On February 11, 2009 even though HSBC failed to properly serve Lopez HSBC obtained a default judgment against Lopez in the State Court Litigation.

16. On January 11, 2012 Successor-in-interest of the debt Sherman Originator III, LLC was substituted as Plaintiff in the State Court Litigation.

17. On March 13, 2017 Successor-in-interest of the debt LVNV Funding, LLC ("LVNV") was substituted as Plaintiff in the State Court Litigation.

18. On September 4, 2020 Lopez, through Counsel, filed a Common Law Motion to Vacate Default Judgment in the State Court Litigation seeking to vacate the judgment because the original plaintiff failed to properly serve the Defendant and jurisdictional concerns of the Complaint.

19. Following the filing of the Motion to Vacate Lopez, through Counsel, and LVNV, through Counsel, had arms-length negotiations to try and resolve their differences. The end result was that the plaintiff agreed to voluntarily dismiss the complaint against Mr. Lopez with prejudice.

The Parties entered a Joint Stipulated Agreement and Notice of Dismissal with Prejudice filed on January 14, 2021 in the State Court Litigation. The Court issued its Judgment Entry dismissing LVNV's case regarding the debt with prejudice on January 14, 2021. *See* Exhibit 2.

20. On January 22, 2021 Resurgent, purportedly on behalf of LVNV, began sending dunning notices to Lopez. *See* Exhibit 1.

21. Lopez was shocked when he received Exhibit 1 given his agreed upon payments to LVNV and dismissal of the State Court litigation less than ten days prior. Lopez has suffered actual harm as a result of RCS's notices after satisfying the debt in question. These actions have caused undue stress, confusion, frustration and worry for Lopez.

### **COUNT ONE: VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, et seq,**

22. Plaintiff restates all allegations contained in Paragraphs 1 through 21 in their entirety, as if fully rewritten herein.

23. Lopez is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. §1692.

24. The debt in question is a debt that was incurred for personal, household or family use. 15 U.S.C. § 1692a(5).

25. RCS is engaged in the collection of debts from consumers using the mail and telephone. RCS regularly attempts to collect consumer debts alleged to be due to another. *See* Exhibit 1. RCS is a debt collector as defined by FDCPA. 15 U.S.C. § 1692a(6).

26. Based on the allegations above at all times relevant to this Complaint RCS was acting as a debt collector for LVNV. *Id.*

27. As demonstrated by Exhibit 2 Lopez and LVNV agreed to satisfy the debt prior to the point when RCS began its efforts to collect on the debt. *See* Exhibit 2 generally.

28. Defendant RCS's attempts to collect on a debt as demonstrated by Exhibit 1 that RCS knew that the debt already been satisfied is deceptive, unfair, and unconscionable and therefore a violation of the FDCPA.

29. Defendant RCS's actions have caused confusion, stress, worry, and anxiety for Lopez.

30. As a result of RCS's action, RCS is liable to Lopez for statutory damages of $1,000.00, actual damages in an amount to be determined and Lopez's reasonably attorneys' fees and costs related to the prosecution of this matter.

## COUNT TWO: VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT (OCSPA)

31. The Plaintiff reincorporates all allegations contained in Paragraphs 1 through 30 as if fully contained herein.

32. Lopez is a consumer within the meaning of ORC § 1345.01 (D).

33. Defendant RCS is a supplier as that term is defined by ORC § 1345.02 (C).

34. The transaction between HSBC and Lopez is a "consumer transaction" as Lopez obtained a line of consumer credit from HSBC for his personal, family, or household use.

35. As detailed above, *supra*, RCS engaged in unfair and deceptive acts by sending notices to Lopez that he owed $12,309.47 after the debt had been paid.

36. The actions described throughout the Complaint violate the ORC § 1345.02(A) as an unfair or deceptive act in connection with a consumer transaction.

37. As a direct and proximate result of the actions of RCS, which violate the OCSPA, Lopez is entitled to actual damages in an amount to be determined, statutory damages of $200.00, non-economic damages of up to $5,000, as well as an award for reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jose Lopez respectfully requests the following relief against Defendant Resurgent Capital Services L.P.;

A) For an award of actual damages for all allegations contained in Counts One and Two;

B) For an award of statutory damages of $1,000.00 for the violations alleged in Count One;

C) For an award of statutory damages of $200.00 for the violations alleged in Count Two;

D) For an award for non-economic damages of up to $5,000 for the violations alleged in Count Two;

E) For an award of Lopez's reasonable attorney's fees and costs for the violations alleged in Counts One and Two; and

F) For all other relief this Court may deem just and proper.

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D Flick (0081605)
DANNLAW
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

Alisa R. Adams (0098503)
Adams Law Practice
2238 E. 95th St.
Cleveland, OH 44103
(216) 642-3342
alisa.adams@hotmail.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D Flick (0081605)
*DannLaw*
*Attorneys for Plaintiff*
